**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MATTHEW MCDERMOTT,<br><br>                    Plaintiff,<br><br>      v.<br><br>VIP CONNECTED ENTERTAINMENT, LLC,<br><br>                    Defendant. | Case No:<br><br>**COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Matthew McDermott ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against defendant VIPC Connected Entertainment, LLLC ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement.

2. Plaintiff is a photojournalist who owns the rights to certain images which Plaintiff licenses to online and print publications.

3. Defendant owns and operates a website at URL www.lexannmedia.com (the "*Website*").

4. Defendant, without permission or authorization from Plaintiff actively copied, stored, and/or displayed Plaintiff's photograph on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

5. Plaintiff Matthew McDermott is an individual who is a citizen of the State of New York and maintains a principal place of business at 23-38 33rd Street, Astoria in Queens County,

New York.

6. Upon information and belief Defendant VIP Connected Entertainment, LLC is a New York limited liability company and maintains a principal place of business at 1120 6th Avenue, 4th Floor, New York, NY 10036.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8. This Court has personal jurisdiction over VIP Connected Entertainment, LLC because it maintains its principal place of business in New York.

9. Venue is proper under 28 U.S.C. §1391(a)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

**Plaintiff's Ownership of Copyrighted Work**

10. Plaintiff is a professional photographer by trade who is the legal and rightful owners of photographs which Plaintiff licenses to online and print publications.

11. Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

12. On August 26, 2021, Plaintiff authored a photograph of Kathey Hochul and Brian Benjamin (the "*Photograph*"). A copy of the Photograph is attached hereto as Exhibit 1.

13. On or about August 26, 2021, Plaintiff then licensed the Photograph to the New York Post for commercial distribution.

14. On September 7, 2021, within three months of initial publication, the Photograph

1  was registered by the Copyright Office under Registration No. VA 2-267-901.

**Defendant's Infringing Activity**

15. The Website is a popular and lucrative commercial enterprise.

16. The Website is monetized in that it contains paid advertisements and, upon information and belief, Defendant profits from these activities.

17. On or about September 9, 2021, Defendant published the Photograph on the Website published at the following URL: https://lexannmedia.com/brian-benjamin-sworn-in-to-replace-hochul-as-nys-lieutenant-governor/. A copy of a screengrab of Website including the Photograph is attached hereto as Exhibit 2.

18. Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, stored and/or displayed Plaintiff copyright protected Photograph as is set forth in Exhibit 1 on the Website.

19. Upon information and belief, the Photograph was copied, stored and displayed without license or permission, thereby infringing on Plaintiff's copyrights (hereinafter the "*Infringement*").

20. The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5)*.

21. The Infringement is an exact copy of the entirety of Plaintiff's original image that was directly copied and stored by Defendant on the Website.

22. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting,

commenting on and/or displaying images including but not limited to Plaintiff's Photograph.

23. Upon information and belief, Defendant directly contributes to the content posted on the Website by, inter alia, via the account All Time Celebs.

24. Upon information and belief, the Photograph was willfully and volitionally posted to the Website by Defendant.

25. Upon information and belief, Defendant is not registered with the United States Copyright Office as an Internet Service Provider pursuant to 17 U.S.C. §512.

26. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringement which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

27. Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States Copyright Laws.

28. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

29. Upon information and belief, Defendant monitors the content on its Website.

30. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

31. Upon information and belief, the Infringement increased traffic to the Website and, in turn, caused Defendant to realize an increase its advertising revenues and/or merchandise sales.

32. Upon information and belief, a large number of people have viewed the unlawful

copies of the Photograph on the Website.

33. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

34. Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

35. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

**FIRST COUNT**
*(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

36. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

37. The Video is an original, creative work in which Plaintiff owns valid copyright properly registered with the United States Copyright Office.

38. Plaintiff has not licensed Defendant the right to use the Video in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyrights to Defendant.

39. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

40. Defendant's reproductions of the Video and displays of the Video constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

41. Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Video in violation of Title 17 of the U.S. Code, in that they used, published, communicated, posted, publicized, and otherwise held out to the public for

commercial benefit, the original and unique Video of the Plaintiff without Plaintiff's consent or authority, by using it in the infringement on the Website and Account.

42. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for the infringement pursuant to 17 U.S.C. § 504(c).

43. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

44. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

45. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed upon Plaintiff's rights to the Photograoh in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

   a. finding that Defendant infringed upon Plaintiff's copyright interest in the Photograph by copying and displaying without a license or consent;

   b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504 in an

amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for the infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505';

e. for pre judgment interest as permitted by law; and

f. for any other relief the Court deems just and proper.

DATED: September 29, 2022

**SANDERS LAW GROUP**

By: __/s/ Craig B. Sanders__
Craig B. Sanders, Esq.
333 Earle Ovington Blvd., Ste. 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 125113

*Attorneys for Plaintiff*